IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN PALMER, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 07-04134 |
| v. | : | |
| | : | |
| Supt. KERESTES, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

On October 2, 2007, petitioner filed a pro se petition in this court seeking habeas corpus relief from state custody pursuant to 28 U.S.C. §2254, which the Clerk of this Court properly labeled as 07-cv-4134; simultaneously, petitioner submitted a statement to this court in which he

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer to challenges based on alleged violations of the U.S. Constitution, and to challenges based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court. Gonzalez v. Crosby, 545 U.S. 524 (2005).

1

claimed that he is in the process of exhausting his state court remedies before the Courts of the state of Pennsylvania, pursuant to that state's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541 et seq.[2] Petitioner requested that consideration of that habeas corpus petition be held in abeyance until some time in the future. On October 5, 2007, this court entered an Order which provided as follows:

1. Judicial consideration of 07-cv-4134 is **STAYED** pending *either:*
   A. disposition by the courts of the state of Pennsylvania of petitioner's attempts to exhaust his state court remedies; *or,*
   B. further notice by this court.

2. The Clerk of this Court shall place 07-cv-4134 in civil suspense and mark it **CLOSED** for statistical purposes only.

3. Petitioner is placed on formal notice that in the event of a negative final decision of the Supreme Court of Pennsylvania with regard to his petition filed in Pennsylvania state court pursuant to 42 Pa.C.S. §§9541 et seq., that if he wishes that the arguments made in 07-cv-4134 be considered by this court on the merits, that he shall so notify this Court in writing *within thirty (30) days* of that negative final decision of the Supreme Court of Pennsylvania, and that if petitioner does so notify this court *within thirty (30) days* of that negative final decision of the Supreme Court of Pennsylvania, that the stay imposed by this Order in 07-cv-4134 shall be **LIFTED** by this court, with October 2, 2007 being considered as the date on which 07-cv-4134 was filed for purposes of the statute of limitations of 28 U.S.C. §2244(d).

On March 26, 2008, petitioner filed a Motion for Abeyance or Stay of Section 2254 Petition (Doc. No. 3), in which he represented that his petition for allowance of appeal before the Supreme Court of Pennsylvania was pending, requested that consideration of 07-cv-4134 be held in abeyance, and requested to be excused from the normally strict statute of limitations created by

---

[2] A state prisoner must present all of his claims to the highest appellate court of that state before a federal district court may consider them as part of a 28 U.S.C. §2254 habeas; this is referred to as the need to "exhaust" state remedies. Slack v. McDaniel, 529 U.S. 473 (2000). Accord, O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

2

AEDPA. This court previously granted both of these requests by means of its aforesaid Order filed October 5, 2007.

On March 31, 2008, Petitioner filed a notice dated March 13, 2008 (Doc. No. 6), in conformance with the court's Order filed October 5, 2007, informing the court that his state court remedies have been exhausted. Petitioner informed the court that on or about March 10, 2008, Petitioner received notice from his PCRA appellate counsel that the Supreme Court of Pennsylvania denied his petition for allowance of appeal on February 13, 2008. Because pro se Petitioner notified the court within thirty days of his receipt of notice of the negative final decision of the Supreme Court of Pennsylvania, in conformance with this court's prior order, the court deems October 2, 2007 the date on which 07-cv-4134 was filed for purposes of the statute of limitations under 28 U.S.C. § 2244(d).

On March 27, 2008, Petitioner filed, without seeking leave of court, a new Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 4), as well as a Memorandum In Support of Petition for Writ of Habeas Corpus dated March 24, 2008 (Doc. No. 5). The court construes Petitioner's new § 2254 petition and memorandum of law filed on March 27, 2008 as an amendment of his initial § 2254 petition. The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions. United States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999). Rule 15 provides in relevant part that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings." Fed. R. Civ. P. 15(c)(2). Relation back is allowed only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events

3

separate in both time and type. Mayle v. Felix, 545 U.S. 644, 650 (2005). Here, Petitioner raises the same two grounds, using almost identical wording, in his new § 2254 petition as in his initial § 2254, namely:

(1) Trial counsel rendered ineffective assistance for failure to investigate petitioner's mental health, i.e., for not having petitioner tested by a psychologist and/or psychiatrist to determine if petitioner suffered from organic brain damage, Post Traumatic Stress Syndrome or other disorder, and if so, the [sic] presenting expert testimony and proof of petitioner's injury and trauma as a crime victim in support of a defense of diminished capacity or unreasonable belief manslaughter.

(2) Appellate counsel rendered ineffective assistance for failure to investigate petitioner's mental healty [sic], i.e., for not having petitioner tested by a psychologist and/or psychologist [sic], to determine if petitioner suffered from organic brain damage, Post Traumatic Stress Syndrome or other disorder and if so, then presenting trial counsel's failure to do the aforementioned investigation as a basis for ineffective assistance of trial counsel on appeal.

In his new § 2254 petition, Petitioner apparently seeks to supplement his claims initially raised in his prior § 2254 petition. Because Petitioner does not raise new claims and any changes sought to be added by amendment arise from the same core facts as the timely filed claims, relation back is permitted. The amended § 2254 petition therefore also is deemed timely filed for purposes of the statute of limitations under 28 U.S.C. § 2244(d).

Accordingly, this 11th day of April, 2008, it is hereby ORDERED as follows:

1. Petitioner's Motion for Abeyance or Stay of Section 2254 Petition (Doc. No. 3) is DENIED AS MOOT, on the grounds that Petitioner has already been granted the relief that he seeks in that Motion by the court's Order of October 5, 2007.

2. The stay in the above-captioned matter imposed by the court's Order of October 5, 2007 is LIFTED.

3. The Clerk of Court shall mark Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 4), filed on March 27, 2008, as an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

4. In accordance with the procedure for the random assignment of habeas corpus cases, pursuant to Local Rule 72.1 and 28 U.S.C. § 636(b)(1)(B), the above-captioned case is referred to the Honorable CAROL SANDRA MOORE WELLS, United States Magistrate Judge, for Report and Recommendation.

BY THE COURT:

_____
JAMES T. GILES        J.