IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN PALMER

                Petitioner,

    v.

JOHN KERESTES, et. al.

                Respondents.

CIVIL ACTION
NO.  07-4134

## OPINION

**Slomsky, J.**                                                   **October 25, 2016**

## I.      INTRODUCTION

Before the Court is Petitioner Stephen Palmer's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 34.)  This Motion is the latest filing in an effort to obtain judicial review of an alleged constitutional violation which occurred during his trial for first degree murder in 2001.  For reasons that follow, Petitioner's Motion will be denied.

## II.     BACKGROUND AND PROCEDURAL HISTORY

The January 10, 2013 Opinion of the Pennsylvania Superior Court provides a description of the facts leading to Petitioner's arrest and conviction:

> The dreadful event giving rise to this appeal occurred on November 14, 2000 in center city Philadelphia, when the victim, in the company of his girlfriend, and her one-year old child, were driving in a station wagon in a westerly direction on Walnut Street.  [Petitioner] pulled out from a curbside parking space, and was struck by the victim's car.  The victim stopped his vehicle, and opened his car door to inspect the damage, which was relatively minor.  Some words were exchanged with [Petitioner], at which point [Petitioner] walked up to the victim's car, placed his hand on the victim's chest, and fired a handgun that had been concealed up his sleeve.  The victim died from this single wound.  After the

victim was shot, his vehicle, which was still in gear, careened down Walnut Street
with the victim's girlfriend and her child in the passenger seat.  After hitting
several cars and a utility pole, the victim's girlfriend managed to get the car to
stop.  Fortunately, neither the girlfriend nor her child was injured.  [Petitioner] left
the scene of the shooting, but because witnesses were able to get the license
[plate] and a description of the car, police were able to effect a quick arrest.

Following his arrest, [Petitioner] made incriminating statements to the police.
Prior to trial, defense counsel filed a motion to suppress these statements.
Because the Commonwealth agreed not to use the statements as part of its case,
defense counsel proceeded to trial without a decision on the motion to suppress.

At trial the victim's girlfriend described the events of that day, testifying, inter
alia, that [Petitioner] walked up to the victim's car, reached in with a weapon
concealed in the sleeve of his coat, placed the gun against the victim's body, and
fired.  The Commonwealth's medical expert also confirmed the close proximity of
the gun to the victim's chest.  On this evidence the trial judge entered a finding of
guilty on the charge of murder in the first degree.

Commonwealth v. Palmer, No. 340 EDA 2001, slip op. at 1-2 (Pa. Super. Ct. Jan. 10, 2003).

Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation accurately describes

the case's procedural history:

Petitioner was sentenced to a life term of incarceration.  Super. Ct. Dir. App. op.
at 1.  Represented by new counsel, *see* Petition ("Pet.") at 10, Petitioner appealed
to the Pennsylvania Superior Court;  his conviction and sentence were affirmed on
January 10, 2003.  *Id.* at 2-8. Petitioner did not seek allowance of appeal
("*allocatur*") from the Pennsylvania Supreme Court.  *Commonwealth v. Palmer*,
No. 3289 EDA 2005, slip op. at 3 (Pa. Super. Ct. Aug. 20, 2007) ("Super. Ct.
PCRA. op.").

On February 6, 2004, Petitioner's new counsel sought relief under Pennsylvania's
Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46.
Super. Ct. PCRA op. at 3.  On April 13, 2004, the Commonwealth filed a motion
to dismiss the PCRA petition and the trial court subsequently sent a dismissal
notice pursuant to Pa. R. Crim. P. 907 ("Rule 907").  Super. Ct. PCRA op. at 3.
Petitioner's counsel prematurely filed a notice of appeal on October 17, 2005.  *Id.*
The trial court re-issued its Rule 907 notice before dismissing the PCRA petition
on October 25, 2005.  *Id.*  Petitioner filed a notice of appeal, *pro se*, on November
17, 2005.  *Id.*  The trial court did not require a statement of matters complained of
on appeal pursuant to Pa. R. Crim. P. 1925(b) ("Rule 1925(b)") but rather, on
December 5, 2005, filed an opinion explaining why it had dismissed the PCRA

petition.  Super. Ct. PCRA op. at 3.  New counsel, retained on December 19, 2005, sought remand to obtain an expert evaluation of Petitioner's mental health; this request was denied.  *Id*. at 3, 7.  The Pennsylvania Superior Court affirmed dismissal of the PCRA petition, on August 20, 2007. *Id*. at 3-8. *Allocatur* was denied on February 13, 2008. Response to Petition for Writ of Habeas Corpus ("Resp.") at 2.

(Doc. No. 22 at 2-3.)

### A. Petitioner's First Habeas Corpus Petition filed on October 2, 2007 was Denied and No Certificate of Appealability was Issued

On October 2, 2007, Petitioner filed a Petition for Federal Habeas Corpus relief in this Court alleging that his trial counsel and Post Conviction Relief Act ("PCRA") counsel were ineffective by failing to investigate his mental health concerns.  (Doc. No. 1.)  More specifically, Petitioner argued that he was not:

> tested by a psychologist . . . to determine if petitioner suffered from organic brain damage, Post Traumatic Stress Syndrome or other disorder[s], and if so, [his attorney failed to present] expert testimony and proof of petitioner's injury and trauma as a crime victim in support of a defense of diminished capacity or unreasonable belief manslaughter."

(Id. at 9.)  On March 27, 2008, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Doc. No. 5.)  In this amended filing, Petitioner alleged the same claims of ineffective assistance of counsel as alleged in the initial Petition.  (Id. at 10.)  On October 23, 2008, Magistrate Judge Wells issued a Report and Recommendation that the Amended Petition be denied.  (Doc. No. 22.)  On December 3, 2008, this Court entered an Order approving and adopting Magistrate Judge Wells' Report and Recommendation, and denying the Amended Petition for Writ of Habeas Corpus.  (Doc. No. 26.)  A certificate of appealability was not approved.  (Id.)

On December 23, 2008, Petitioner filed a Notice of Appeal from the December 3, 2008 Order to the United States Court of Appeals for the Third Circuit.  (Doc. No. 28.)  On August 3, 2009, the Third Circuit denied Petitioner's request for a certificate of appealability "because the

appellant has not made a 'substantial showing of the denial of a constitutional right.'" (Doc. No. 31) (citing 28 U.S.C. § 2253(c)(2).)  The Third Circuit found that: "petitioner has not shown that reasonable jurists would debate whether the District Court should have 'resolved the petition in a different manner." (Id.) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).)

The instant Motion for Relief from Judgment Pursuant to Rule 60(b) ("60(b) Motion") was filed pro se on March 17, 2016.  (Doc. No. 34.)  In the Motion, Petitioner argues that extraordinary circumstances, involving trial counsel's failure to investigate and present evidence of his alleged diminished capacity, justify relief from the judgment denying his federal habeas petition. (Id. at 15.)  Respondents filed a Response on June 30, 2016.  (Doc. No. 37.)  Petitioner filed a Traverse on July 18, 2016.  (Doc. No. 39.)  For reasons that follow, Petitioner's Rule 60(b) Motion will be denied.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  Relief from judgment pursuant to Rule 60(b) may be granted only on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated;  or applying it prospectively is no longer equitable;  or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Petitioner asks the Court to grant relief under 60(b)(6), the Rule's catch-all provision. (Doc. No. 34 at 1.)  Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  Devon IT, Inc. v. IBM

Corp., No. 10-2899, 2013 WL 6721748, at *3 (E.D. Pa. Dec. 20, 2013) (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)) (internal quotation marks omitted).  "This provision applies only when there are reasons for relief other than those set out in the more specific clauses of Rule 60(b)."  Id.  Courts should utilize 60(b)(6) sparingly and only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  Id. at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).  The Third Circuit has noted that the district courts should employ a "flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case."  Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014).  In addition, pleadings and filings submitted by pro se litigants are to be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## IV.    ANALYSIS

Petitioner's Rule 60(b) Motion is an unauthorized, successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and consequently will be denied.

Under the AEDPA-amended habeas statutes, any claim in a second or successive habeas petition "that has already been adjudicated in a previous petition must be dismissed."  Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005).  Under 28 U.S.C. § 2244(b), if "a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application,'" then "the claim must be dismissed."  Gonzalez, 545 U.S. at 530.  In Gonzalez, the Supreme Court reasoned, "[u]nder § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If the claim was presented in a prior application, it must be dismissed."  Id. at 530.  "[A]lleging

that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." Id. at 532. This restriction prevents litigants from circumventing the restrictions imposed by AEDPA on successive habeas petitions. Id.

Here Petitioner has filed a Motion under Rule 60(b) of the Federal Rules of Civil Procedure. Under certain circumstances, such a motion may be considered a successive habeas petition. In Pridgen v. Shannon, the Third Circuit explained the circumstances when a Rule 60(b) motion may be considered successive. 380 F. 3d 721, 727 (3d Cir. 2004) In "instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id.

Claims of ineffective assistance of counsel are considered under the two-prong test articulated in Strickland v. Washington, 466 U.S. 668 (1984). The two prongs are: first, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense." Id. at 687-88. The second prong is only fulfilled when counsel's "errors were so serious as to deprive the defendant of a fair trial." Id. at 687.

In Petitioner's original Amended Habeas Petition, he claimed his trial counsel and PCRA counsel were ineffective in their failure to investigate his mental health. More specifically, Petitioner argued that both his counsel at trial and his PCRA counsel failed "to determine if petitioner suffered from organic brain damage," or any other disorder that would diminish his

mental capacity.   (Doc. No. 1 at 9.)   Magistrate Judge Wells' Report and Recommendation addressed Petitioner's claims (Doc. No. 22), citing the Superior Court's resolution of Petitioner's claims:

> As [Petitioner] has not argued the merits of prior counsel's ineffective assistance, but rather based his attack on a bald assertion that [Petitioner] might have suffered organic brain damage, we find no relief is due.  The only evidence offered at this juncture is a letter from psychologist Gerald Cooke, Ph.D., which merely states that having conducted several tests, there are several potential diagnoses but that further testing was necessary for a full assessment.  While [Petitioner] claims that the doctor could not complete the tests because prison officials would not permit the use of a tape recorder, there is no explanation for the doctor's failure to complete other tests or to "obtain additional background history and do extensive interviewing about symptoms and problems," which he also indicates were not completed.
>
> Thus, having failed to proffer any evidence that, if true, would establish that [Petitioner] suffered from organic brain damage, he is not entitled to a remand on the basis of pure speculation in the hopes that more evidence will become useful.  Nor do we find a reason to remand this case, as a review of the record clearly establishes [Petitioner's] inability to meet the arguable merit prong of an ineffectiveness claim.

(Id.) (internal citations omitted).

Magistrate Judge Wells based her determination "upon the state court's factual determination that Petitioner had not proven an essential element, namely that he had suffered organic brain damage."  (Doc. No. 22 at 9).  More specifically, Petitioner has not proven that he had a brain injury or mental defect at any juncture that would diminish his mental capacity.

Moreover, Magistrate Judge Wells applied the Strickland test in the Report and Recommendation and found:

> Assuming, *ad arguendo*, that trial counsel's representation was substandard, Petitioner still cannot demonstrate the requisite prejudice.  First, the evidence of his guilt was quite strong.[1]  This makes it unlikely that Petitioner was prejudiced.[2]

---

[1] "Petitioner was positively identified by the victim's girlfriend, who witnessed the entire criminal episode."  (N.T. 10/31/01 at 77-83).  Petitioner also was followed by another witness as he drove away from the scene.  This second witness "accurately provided the police with the

> Second, the evidence fails to support Petitioner's contention that he, in fact, suffers from organic brain damage which might establish his diminished capacity or mistaken belief in self-defense. Instead, the six pages of medical records from November and December 1994 document Petitioner's rehabilitation after the September 24, 1994 shooting, with virtually no mention of his mental functioning. Accordingly, his claim lacks merit.

(Doc. No. 22 at 10.)

Petitioner, in his instant Rule 60(b) Motion, now claims both his trial counsel and PCRA counsel were ineffective in their failure to produce evidence that he was "organically brain damaged." (Doc. No. 34 at 8-10.) This is the nearly identical argument set forth in Petitioner's initial habeas petition, and amounts to a collateral attack on his underlying conviction. (Doc. No. 1 at 9.)

Magistrate Judge Wells previously resolved these claims on the merits and as a result, Petitioner's Rule 60(b) Motion is a successive habeas petition governed by 28 U.S.C. § 2244(b)(1). Pursuant to 28 U.S.C. § 2244(b)(1), Petitioner's Rule 60(b) Motion will be denied.

## V.    CONCLUSION

For reasons described above, Petitioner's Rule 60(b) Motion will be denied. A Certificate of Appealability will not be issued based on the analysis contained in the Magistrate Judge's Report and Recommendation, as approved and adopted by this Court, that a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the Rule 60(b) Motion. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000).

---

shooter's license plate number." (Doc. No. 22 at 10, n.10.) Finally, Petitioner admitted to shooting the victim and that he hid the gun. (Id.) (See also N.T. 11/02/01 at 274-76; 278-79.)

[2] See Strickland, 466 U.S. at 696; Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999).